IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ENCARNACION TORRES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12–cv–0064–MJR–SCW |
| | ) |
| DR. FENOGLIO, | ) |
| | ) |
| Defendant. | ) |

## ORDER ADOPTING REPORT & RECOMMENDATION & GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**REAGAN, District Judge**:

In January 2012, *pro se* Plaintiff Encarnacion Torres—at the time incarcerated at Illinois' Lawrence Correctional Center ("Lawrence CC"), but since moved to Cook County Jail and then released—sued three Lawrence CC officials pursuant to 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the undersigned performed a threshold review of Plaintiff's complaint and found Plaintiff stated a claim against Defendant Fenoglio, who (Plaintiff alleges) acted with deliberate indifference to Plaintiff's gastrointestinal problems, in violation of his Eighth Amendment rights. Plaintiff's claim against Fenoglio was the only part of the case to survive screening.

Fenoglio moved for summary judgment on January 4, 2013 (Doc. 33), arguing Plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e, the Prison Litigation Reform Act ("PLRA"). *See* **42 U.S.C. § 1997e(a) ("no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available or exhausted.").** Plaintiff did not file a response in opposition. Pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (c), and Federal Rule of Civil Procedure 72(b), United

States Magistrate Judge Stephen Williams submitted a Report (Doc. 38) to the undersigned District Judge, in which he recommends the Court adopt his findings of fact and conclusions of law and grant Fenoglio's Motion for Summary Judgment. While noting Plaintiff's failure to respond ran afoul of Local Rule 7.1 and could be deemed an admission of the merits of the motion, Judge Williams thoroughly analyzed Fenoglio's motion. Judge Williams found that Plaintiff initiated four (possibly five) grievances regarding his gastrointestinal problems, but that he failed to exhaust any of those grievances.

The Report was sent to the parties with a "NOTICE" informing them of their right to appeal by way of an objection filed within fourteen days of service (on or before May 28, 2013). To date, no objections have been filed. The period in which such objections may be filed has expired, so pursuant to 28 U.S.C. § 636(b)(1)(B) this Court need not conduct *de novo* review. *Thomas v. Arn*, **474 U.S. 140, 149–52 (1985);** *Banco Del Atlantico, S.A. v. Woods Indus.*, **519 F.3d 350, 354 (7th Cir. 2008);** *Video Views, Inc. v. Studio 21, Ltd.* **797 F.2d 538, 539–40 (7th Cir. 1986).**

Accordingly, the undersigned District Judge **ADOPTS** Magistrate Judge Williams' Report and Recommendation (**Doc. 38**) in its entirety and **GRANTS** Fenoglio's motion for summary judgment (**Doc. 33**). Plaintiff's § 1983 claims against Defendant Fenoglio are **DISMISSED without prejudice**. *See Ford v. Johnson*, **362 F.3d 395, 401 (7th Cir. 2004) ("*all* dismissals under § 1997e(a) should be without prejudice.") (emphasis in original).** No claims remain, and the Clerk of Court is **DIRECTED** to close this case.

    **IT IS SO ORDERED.**                          s/ *Michael J. Reagan*
    **DATE: July 18, 2013**                    MICHAEL J. REAGAN
                                                  United States District Judge